UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAROLYN NADEAU<br><br>    Plaintiff<br><br>    v.<br><br>TOWN OF MILO<br><br>    Defendant | Case No. 2:23-cv-_____ |

**COMPLAINT**

By this action, Plaintiff challenges the unconstitutional taking of the value, above real estate taxes owed by her, of her residence property in the Town of Milo by Defendant Town of Milo after the sale by the Town of Milo of her property for less than 10% of its value.

    **A.**    **Jurisdiction and Venue.**

1. This court has jurisdiction over the claim set for in Count I of his complaint pursuant to 28 U.S.C. § 1343(a)(3) where Plaintiff alleges that Defendant Town of Milo, acting under color of the laws of the State of Maine, has taken her property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution.

2. This court has supplemental jurisdiction over the claims set forth in Count II pursuant to 28 U.S.C. § 1367(a).

3. Venue in this matter is proper as Plaintiff and Defendant are located within, and the actions complained of occurred within, Piscataquis County in the State of Maine.

    **B.**    **Parties.**

4. Plaintiff Carolyn Nadeau ("Ms. Nadeau") is a resident of the Town of Milo, County of Piscataquis and State of Maine.

5. Defendant Town of Milo (the "Town") is a municipality incorporated under the laws of the State of Maine and located within Piscataquis County and State of Maine.

### C.  Facts.

6. By a deed to her dated June 5, 2013, and recorded in the Piscataquis County Registry of Deeds, Ms. Nadeau became the owner of the real property, including a residence building thereon and about 4 acres of land, which is hereafter referred to as "the Property." A copy of that deed is filed herewith as Exhibit 1.

7. Since June 5, 2013, Ms. Nadeau has continuously occupied the Property as her principal residence.

8. Ms. Nadeau is a 57-year-old woman who has serious health issues and who has been confined to a wheelchair for many years and at all times material hereto.

9. Adaptions were made to the Property to accommodate Ms. Nadeau's wheelchair confinement and to enable her to fully access the property.

10. Due to the health issues with which Ms. Nadeau was dealing and significant and ongoing health issues of her husband, Ms. Nadeau was unable to pay to the Town the real estate taxes on the Property due for the years 2018, 2019 and 2020.

11. Acting pursuant to 36 M.R.S. § 942, the Town filed tax lien certificates in the Piscataquis Registry of deeds for unpaid real estate taxes on the Property for the years 2018, 2019 and 2020.

12. The Town claims that the tax lien certificates became tax lien mortgages upon the Property and that the tax lien mortgages have been foreclosed following the expirations of the applicable periods of redemption.

13. In January 2020, the Town entered into an agreement with Ms. Nadeau for her to make installment payments on the past due taxes on the Property, to allow her to redeem the property from the Town's claimed tax lien foreclosures, and to allow Ms. Nadeau to remain in occupancy of the Property.

14. Ms. Nadeau made several of the payments called for under the repayment agreement with the Town but was unable to make all the monthly payments called for in that agreement.

15. Ms. Nadeau made a request in August 2021 to the Town's clerk that that the Town agree to modify the repayment agreement to allow for lower monthly payments.

16. The Town's clerk agreed to present Ms. Nadeau's request for a reduction in the monthly payments due on the repayment agreement to the Town select persons at their next Selectmen's Meeting scheduled for September 7, 2021.

17. Neither the Town nor the select persons nor the Town's clerk provided any information to Ms. Nadeau after the September 7, 2021, Selectmen's Meeting on the status of her request for a reduction of the monthly payment due under her repayment agreement with the Town, and none of them thereafter told Ms. Nadeau that the Town was considering the sale of the Property to a third party.

18. The next Selectmen's Meeting for the Town was scheduled for and conducted on October 5, 2021, but no one informed Ms. Nadeau in advance of that meeting that the Town select persons would discuss the situation regarding the Property and might or would vote at that meeting to sell the Property to a third party.

19. At the Selectmen's Meeting of October 5, 2021, the Town select persons unanimously voted to go into executive session, and immediately after the conclusion of that 11-minute executive session the Town select persons unanimously voted to sell the Property "to

interested party with a Quitclaim Deed upon full payment of past due taxes," all as shown on the Town of Milo Selectmen's Meeting minutes attached hereto as Exhibit 2.

20. Discussions of Ms. Nadeau's request for a reduction in payments on her repayment agreement with the Town and discussions about possible sale of the Property in the executive session conducted by the Town select persons at the October 5, 2021, Selectmen's Meeting were not permitted deliberations in executive session under 1 M.R.S. § 405(6)(c) because those discussion, had they been conducted in open meetings, would not have involved any premature disclosures of information which would prejudice any competitive bargaining position of the Town.

21. Following the October 5, 2021, Selectmen's Meeting, the Town quitclaimed its title in the Property to Fred Goodwin of Etna, Maine on November 17, 2021, as shown in the municipal quitclaim deed attached hereto as Exhibit 3.

22. Fred Goodwin paid to the Town the sum of $6,240.00 as consideration for his purchase of the Property as evidenced by the copy of Maine Real Estate Tax Declaration downloaded from the Maine Revenue Services Internet site and attached hereto as Exhibit 4.

23. At the time of the sale of the Town's interest in the Property to Fred Goodwin on November 17, 2021, the Town had been assessing the value of the Property to be $40,000 for real estate tax purposes.

24. After the sale of the Property to Fred Goodwin, the Town began assessing the value of the Property for real estate tax purposes at $75,000.00.

25. Plaintiff asserts that the value of the Property at the time of the Town's sale to Fred Goodwin was not less than $75,000.00.

26. On information and belief, the Town did not seek competitive bids for the sale of the Property, did not advertise its availability for purchase in any way, and made no effort to otherwise conduct a commercially reasonable sale of the Property.

27. The act of the Town and the Town select persons in voting to sell, and in selling, the Property for less than 10% of its actual value, and with no effort to conduct a commercially reasonable sale of the Property, constituted a taking by the Town from Ms. Nadeau of the surplus value of the Property above the $6,240.00 of sale proceeds received by the Town from Fred Goodwin as payment of the amount of taxes that had been due on the Property.

28. Ms. Nadeau has continued to occupy the Property at all times since the Town's vote to sell it on October 5, 2021, and since the Town's conveyance of the Property on November 17, 2021.

29. However, the purchaser of the Town's interest in the Property, Fred Goodwin, brought a forcible entry and detainer action against Ms. Nadeau in August 2023, seeking her removal from the property. That matter was scheduled for hearing in the District Court in Dover Foxcroft on September 7, 2023, but was dismissed on that date.

30. Ms. Nadeau is in fear that a new forcible entry and detainer action will be commenced against her at any time.

## Count I
### Claims Pursuant to 42 U.S.C. §§ 1983 & 1988
### Violation of Fifth Amendment to United States Constitution

31. Ms. Nadeau repeats and realleges the allegations of paragraphs 1-30 above as if fully stated in this Count I of the Complaint.

32. The Fifth Amendment to the United States Constitution provides that "private property [shall not] be taken for public purpose without just compensation."

33. The fair market value of the Property, in excess of any real estate taxes on the Property owed by Ms. Nadeau to the Town, was the private property of Ms. Nadeau.

34. The conduct of the Town as alleged above in conducting no commercially reasonable sale of the Property and selling it for less than 10% of its value so as to fail to realize the surplus value of the Property above the $6,240.00 payment received by the Town, constituted a taking by the Town of that surplus value of the Property which was the private property of Ms. Nadeau.

35. The actions of the Town of Milo alleged herein violated the provisions of 42 U.S.C. §1983.

36. By virtue of the above alleged actions of the Town in violation of the Takings Clause of the Fifth Amendment to the United States Constitution, Ms. Nadeau has suffered monetary damages in excess of $68,760.00.

WHEREFORE, Plaintiff Carolyn Nadeau hereby demands judgement against Defendant Town of Milo for money damages equal to the difference between the sum of $6,240.00 and the actual fair market value of the Property at the time of its sale by the Town, for an award of costs against Defendants and for an award of attorney fees pursuant to 42 U.S.C. § 1988 against Defendant.

### Count II
### Claim for Violation of Maine Constitution.

37. Ms. Nadeau repeats and realleges the allegations of paragraphs 1-29 above as if fully stated in this Count II of the Complaint.

38. Article 1, § 21 of the Maine Constitution provides: "Private property shall not be taken for public uses without just compensation; nor unless public exigencies require it."

39. The fair market value of the Property, in excess of any real estate taxes on the Property owed by Ms. Nadeau to the Town, was the private property of Ms. Nadeau.

40. The conduct of the Town as alleged above in conducting no commercially reasonable sale of the Property and selling it for less than 10% of its value so as to fail to realize the surplus value of the Property above the $6,240.00 payment received by the Town from Fred Goodwin, constituted a taking by the Town of that surplus value of the Property which was the private property of Ms. Nadeau.

41. By virtue of the above alleged actions of the Town in violation of the Article 1, § 21 of the Maine Constitution, Ms. Nadeau has suffered monetary damages in excess of $68,760.00.

WHEREFORE, Plaintiff Carolyn Nadeau hereby demands judgement against Defendant Town of Milo for money damages equal to the difference between the sum of $6,240.00 and the actual fair market value of the Property at the time of its sale by the Town, and for an award of costs against Defendant Town of Milo.

DATED: October 30, 2023

/s/ Thomas A. Cox_____
Thomas A. Cox, Maine Bar No. 1248
Attorney for Plaintiff Carolyn Nadeau

P.O. Box 1083
Yarmouth, Maine 04096
207-749-6671
tac@gwi.net

/s/ Chet Randall_____
Chet Randall, Maine Bar No. 9152
Attorney for Plaintiff Carolyn Nadeau

Pine Tree Legal Assistance
P.O. Box 547
Portland Maine 04112
207-552-3101
crandall@ptla.org