**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| **CAROLYN NADEAU**, ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **TOWN OF MILO,** ) <br> ) <br>       Defendant. ) | Civil Action No. 1:23-cv-00408-NT |

**DEFENDANT'S OBJECTION TO**
**PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**

Defendant Town of Milo ("Defendant"), by and through undersigned counsel, hereby responds to the Motion to Amend Scheduling Order filed by Plaintiff Carolyn Nadeau ("Plaintiff"), as follows:

1. On January 8, 2024, the Court issued a Scheduling Order in this matter, which set the deadline for Plaintiff to designate experts as March 21, 2024. (ECF 8.)

2. On March 21, 2024, Plaintiff moved to extend the Scheduling Order by 30 days on the grounds that Plaintiff's expert required additional time to complete an appraisal of the property involved in this case. (ECF 14.) Defendant consented to that motion. The Court granted that motion on March 22, 2024; Plaintiff's deadline to designate experts was extended to April 30, 2024. (ECF 15.)

3. On April 26, 2024, Plaintiff again moved to extend the Scheduling Order by 30 days on the grounds that, *inter alia*, Plaintiff's appraiser required additional time to complete an appraisal of the property. (ECF 17.) Defendant consented to that motion. The Court granted that motion on April 29, 2024; Plaintiff's deadline to designate experts was extended to May 30, 2024. (ECF 18.)

4.     On May 30, 2024, Plaintiff moved to extend the Scheduling Order a third time, this time by 45 days, because, having finally obtained the appraisal, she now wishes to obtain a "second opinion" as to the value of the property. (ECF 19.)

5.     Defendant objects to this third request to enlarge the Scheduling Order.

6.     Plaintiff has already been granted 60 additional days in which to obtain her appraisal and designate her experts. That she is evidently unhappy with the results of that appraisal is not grounds for further enlargement of her deadline to disclose her expert witnesses.

7.     There is no reason why Plaintiff should reasonably require an additional 105 days to designate her experts beyond the time provided in the Scheduling Order. It was incumbent upon Plaintiff when filing this matter to be prepared to prosecute her case.

8.     Defendant does not object to Plaintiff's request for a status conference if desired by the Court.

9.     The meaning of Plaintiff's alternative request "to allow Defendant's counsel 5 business days to file their expert disclosure regarding the property appraisal already provided to Plaintiff" is unclear to Defendant. It appears Plaintiff may have intended to request that *Plaintiff's* counsel be given such 5-day period. To the extent Plaintiff seeks designation of Defendant's witnesses before the July 5, 2024, deadline set by the Scheduling Order, as extended, or any less than the standard period of time following Plaintiff's designation, Defendant objects.

WHEREFORE, Defendant requests that this Honorable Court deny Plaintiff's Motion to Amend Scheduling Order and grant such other and further relief as it deems appropriate.

Dated:  June 3, 2024

*/s/ Jonathan P. Hunter, Esq.*
Jonathan P. Hunter, Bar No. 4912
jhunter@rudmanwinchell.com

/s/ Stephen W. Wagner, Esq.
Stephen W. Wagner, Bar No. 5621
swagner@rudmanwinchell.com

Attorneys for Defendant Town of Milo
RUDMAN WINCHELL
84 Harlow Street
P.O. Box 1401
Bangor, ME 04402
207.947.4501

**CERTIFICATE OF SERVICE**

 I certify that on this 31st day of May, 2024, I electronically filed Defendant's Objection to Plaintiff's Motion to Amend Scheduling Order with the Court's CM/ECF system, which automatically sends notification to all counsel of record.

Dated: June 3, 2024

/*s/ Jonathan P. Hunter, Esq.*
Jonathan P. Hunter, Bar No. 4912