UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CAROLYN NADEAU, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:23-cv-00408-NT |
| | ) | |
| TOWN OF MILO, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO WITHDRAW AND
MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM
AND AMENDED SCHEDULING ORDER**

Counsel for Plaintiff (Attorneys Thomas Cox and Chet Randall) seek to withdraw from representing Plaintiff in this matter. (Motion to Withdraw, ECF No. 25.) In support of their request, counsel cite their inability to represent Plaintiff adequately due to Plaintiff's lack of cooperation, a significant disagreement between counsel and Plaintiff regarding strategic and case management decisions, and difficulties with the communication between counsel and Plaintiff.

The Court conducted a hearing on the motion on July 25, 2024. Counsel for the parties' appeared; Plaintiff participated telephonically due to some health-related challenges. After considering the information provided by Plaintiff and her counsel, as stated on the record, the Court is convinced that the attorney-client relationship has broken down and that counsel's continued representation of Plaintiff would not be productive. The Court, therefore, grants counsel's motion to withdraw.

In their motion and at the hearing, counsel asked the Court to appoint a guardian ad litem for Plaintiff in accordance with Federal Rule of Civil Procedure 17(c). Plaintiff opposes the request. The Rule provides:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c). Counsel cite the significance of Plaintiff's claim and concerns regarding Plaintiff's ability to represent herself in support of the request.

"[A]necdotal information or layperson opinions do not constitute [the] verifiable evidence" of incompetence necessary for a court to conduct an inquiry under Rule 17(c). *Mondelli v. Berkeley Nursing and Rehab. Ctr.*, 1 F.4th 145, 149 (3rd Cir. 2021). A person's conduct "alone is insufficient to trigger a mandatory inquiry into a litigant's competency." *Powell v. Symons*, 680 F.3d 301, 307 (3rd Cir. 2012)). Although Plaintiff has acknowledged some health issues, and while "[e]vidence from a health care professional demonstrating that [a] person is incompetent due to mental illness or disability is sufficient to support a determination of incompetence," *O'Brien v. Kline*, No. 12-cv-443-JD, 2013 WL 1737193, at *1 (D.N.H. Apr. 22, 2013) (citing *Powell*, 680 F.3d at 307), the record lacks evidence from a medical expert or any other evidence (e.g., order from a court or agency finding incompetency, *see Powell*, 680 F.3d at 307) that would support a finding that Plaintiff is incompetent as contemplated by Rule 17(c). Accordingly, the Court denies counsel's request to appoint a guardian ad litem for Plaintiff.

Because the Court has granted counsel's motion to withdraw, to permit Plaintiff time to secure new counsel, the Court stays further proceedings in this matter until September 13, 2024.  The Court also amends the Scheduling Order as follows:

Plaintiff shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefore by:   October 11, 2024

Defendant shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefore by:  November 22, 2024

Deadline to Complete Discovery:  December 20, 2024

Deadline to File Notice of Intent to File Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h):  December 30, 2024

Deadline for Filing of All Dispositive Motions and All *Daubert* and *Kumho* Motions Challenging Expert Witnesses with Supporting Memoranda:  January 13, 2025

Expected Trial Date: The case shall be ready for trial by February 5, 2025

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of July, 2024.