EXHIBIT

B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

MALLORY BIGELOW, as                    )
                                       )
PERSONAL REPRESENTATIVE OF THE         )
ESTATE OF CAROLYN NADEAU               )
                                       )   Civil Action No. 1:23-cv-00408-SDN
        Plaintiff,                     )
                                       )
v.                                     )
                                       )
TOWN OF MILO,                          )
                                       )
        Defendant.                     )

PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Mallory Bigelow,

Personal Representative for the Estate of Carolyn Nadeau, through her attorney, John Z. Steed,

answers the following interrogatories.

INSTRUCTIONS

In answering these interrogatories, you are required to furnish all information that is available to you, or subject to your reasonable inquiry, including information in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control.

In answering these interrogatories, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If these interrogatories cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

In accordance with the Federal Rules of Civil Procedure, these interrogatories are continuing in character and require you to amend and supplement your responses or answers if you obtain further or different information in the future.

To the extent any objection is made to any of these interrogatories, you must respond to so much of each such interrogatory to which no objection is made. State in full the part of the interrogatory objected to and set forth the grounds for each objection. If any objection on the grounds of vagueness, overbreadth, or any similar ground is made, you must respond to the interrogatory as narrowed to conform to your objection. If you contend that any of the requested

information is protected by the attorney-client privilege, work product doctrine, or any other privilege, please provide a concise statement of the grounds upon which the claim of privilege is asserted.

In each instance where you are asked for the "identity" of a person or to "identify" a person, state with respect to each such person:

1. Their name; and
2. Their last known residence, business address, job title, and telephone number.

The word "Document" is intended to include those documents and electronically stored information described in Rule 34(a)(1) of the Rules of Civil Procedure. Any document which contains any comment, notation, addition, insertion, or marking of any kind which is not part of another document is to be considered a separate document.

In each instance where you are asked for the "identity" of a document or to "identify" or to describe a document, your description should include, but should not be limited to:

1. The "identity" of the author and the present custodian of the document;
2. The date and place of the making of the document; and
3. The subject matter of the document.

The term "Subject Property" means the real property located at 580 Lakeview Road, Milo, Maine, and includes any buildings, structures, or appurtenances thereto.

"Plaintiff" means Carolyn Nadeau. "Defendant" means the Town of Milo and/or its agents.


**PLEASE NOTE THAT THE FEDERAL RULES OF CIVIL PROCEDURE, RULE 33(a)(2), PROVIDE THAT AN INTERROGATORY MAY RELATE TO ANY MATTER THAT MAY BE INQUIRED INTO UNDER RULE 26(b). AN INTERROGATORY IS NOT OBJECTIONABLE MERELY BECAUSE IT ASKS FOR AN OPINION OR CONTENTION THAT RELATES TO FACT OR THE APPLICATION OF LAW TO FACT.**

## INTERROGATORIES

1. State your full name, each address you have lived at in the last ten (10) years, and your date of birth.

    **ANSWER:** My mother's full name was Carolyn Ann Nadeau. 580 Lake View was the address she lived at for most of her life. She also resided at 399 Derrah Street, Berlin New Hampshire 03570, but we are unsure of when or for how long. Her DOB was _

2. State the name and address of each school, college, or educational institution you have attended, listing the dates of attendance, the courses of study, and the degree(s) obtained, if any.

    **ANSWER:** She got her G.E.D, but I don't know the date. She dropped out of school when she was in 8th grade.

3.  State all facts regarding any communication between Defendant and Plaintiff concerning the Subject Property.

    **ANSWER:** All that I know are the documents that I have seen, which will be produced.

4.  State what actions, if any, were taken by Plaintiff to pay the 2018 property taxes on the Subject Property.

    **ANSWER:** None that I am aware of. She could not afford to pay the taxes because the property was valued too high.

5.  State what actions, if any, were taken by Plaintiff to pay the 2019 property taxes on the Subject Property.

    **ANSWER:** None that I am aware of. She could not afford to pay the taxes because the property was valued too high

6.  State what actions, if any, were taken by Plaintiff to pay the 2020 property taxes on the Subject Property.

    **ANSWER:** She tried to sell the property in 2020, but the Town of Milo told her to stop.

7.  State the fair market value of the Subject Property as of November 24, 2020, the date of the automatic foreclosure of the 2018 tax lien.

    **ANSWER:** The property was assessed by the town at over $80,000 in 2014 and was assessed at about $40,000 in 2019/2020, but then in 2021, the Town assessed the property at $75,000. There is an appraisal report valuing it at $30,000 from 2021. My opinion, as the Personal Representative of the Estate of Carolyn Nadaue, and one of the heirs/owners of the property, is that the property was worth $75,000 when the town took it and when it sold it. I also don't think my mother should have owed taxes as if the property was valued at $75,000, if the town is now saying it was only worth $30,000.

8.  State the basis for your answer to Interrogatory 7, including in your answer a description of each document or record relied upon by Plaintiff in determining the November 24, 2020, fair market value of the Subject Property.

    **ANSWER**: In 2021, the Real Estate Tax Bill for my mother's property was assessed at $75,000 by the Town of Milo. This is the price at which it should have been sold.

9.  State the name and address of each person whose knowledge, information, or opinion of value has been relied upon by Plaintiff in determining the November 24, 2020, fair market value of the Subject Property.

    **ANSWER:**
    Mallory Bigelow, 10 Paula Ave. Pittsfield, MA 01201
    Betty Gromley (Town of Milow), 6 Pleasant St, Milo, ME 04463
    Andrew Lowe (appraiser) P.O. Box 233 Bangor, ME 04402

Town of Milo, 6 Pleasant St, Milo, ME 04463
RCS Assessment Services Inc., 6 Pleasant St, Milo, ME 04463

Any other company or party providing assessment services for the Town of Milo from 2020 to the present.

10. State all facts regarding any attempts by Plaintiff to sell the Subject Property to any prospective buyers.

**ANSWER**. I am not aware of my mother's efforts to sell the property, outside of what is shown in the documents.

11. State all facts regarding any communication between Plaintiff and Fred Goodwin.

**ANSWER:** He tried to file two evictions. The judge ruled that she did not have to leave. That is really all that I know.

12. State the fair market value of the Subject Property as of November 17, 2021, the date of the conveyance of the Subject Property to Fred Goodwin.

**ANSWER:** Again, the town of Milo had it valued for $75,000. There is a report valuing it at $30,000. I believe the property was worth $75,000 and remains so.

13. State the basis for your answer to Interrogatory 12, including in your answer a description of each document or record relied upon by Plaintiff in determining the November 17, 2021, fair market value of the Subject Property.

**ANSWER:** My answer continues to be the same. The Real Estate Tax Bill for 2021 from the Town of Milo assessed the property at 580 Lakeview Road at $75,000. I think the property was worth $75,000. This is based on what the town says in its assessments and based on my own opinion as the Personal Representative of the Estate and as an owner/heir of the property.

14. State the name and address of each person whose knowledge, information, or opinion of value has been relied upon by Plaintiff in determining the November 27, 2021, fair market value of the Subject Property.

**ANSWER:**

Mallory Bigelow, 10 Paula Ave. Pittsfield, MA 01201
Betty Gromley (Town of Milow), 6 Pleasant St, Milo, ME 04463
Andrew Lowe (appraiser) P.O Box 233 Bangor, ME 04402
Town of Milo, 6 Pleasant St, Milo, ME 04463
RCS Assessment Services Inc., 6 Pleasant St, Milo, ME 04463
Any other company or party providing assessment services for the Town of Milo from 2020 to the present.

4

15. State the full detail of any communication between Plaintiff and any Town of Milo Selectperson or employee relating to the 2018 tax lien, 2019 tax lien, or 2020 tax lien, the automatic foreclosure of the 2018 tax lien, and any possible sale or other disposition of the Subject Property, including dates of each such communication and the names and addresses of each person participating in such communication or who was present when it occurred.

**ANSWER:** Sue Libby was a good friend of my mother before this happened. There are documents that show correspondence between my mother and members of the town. All of those documents have been produced. Sue Libby told me in November of 2021- there was a town selectman meeting, and that was when they decided to foreclose on my mother, behind closed doors. Otherwise, all communications between my mother and the town that I know of have been provided in the document production.

16. State the names and addresses of each person having knowledge of any facts upon which Plaintiff relies, or intends to rely, in support of any of her claims in this action and a summary of the facts known by any such person.

**Mallory Bigelow**

Ms. Bigelow has knowledge as Personal Representative of the Estate and may have personal knowledge of her mother's ownership and occupancy of the property since June 5, 2013, her mother's disability, and her mother's health issues. She also has knowledge of the estate's damages and continuing harm from the loss of the property. She has knowledge of her opinion, as and heir/owner and as Personal Representative of the Estate, of the value of the property.

**Betty Gormley**, Tax Collector/Clerk: Town Office, 6 Pleasant Street, Milo, ME 04463

Ms. Gormley has extensive knowledge of the Town's tax collection and foreclosure processes, including written policies, standard operating procedures, and customary practices developed over her tenure. She knows how tax-acquired properties are typically handled. She has specific knowledge of all interactions with Ms. Nadeau, including the mailing of all relevant notices. She has knowledge of the property's assessed value history and whether it was reasonable to accept $6,240 for a property the Town valued at the time $40,000 for tax purposes. She knows why the assessed value increased after Mr. Goodwin bought the property.

**Paula Copeland, Selectman** Address: c/o Town Office, 6 Pleasant Street, Milo, ME

Ms. Copeland, as Board Chair during the relevant period, has comprehensive knowledge of the Board's procedures, policies, and legal obligations regarding tax-acquired property. She knows whether the Board has written or unwritten policies requiring competitive bidding, public notice, or efforts to obtain fair market value for town property. She has specific knowledge of what happened at the September 7, 2021, meeting when Ms. Nadeau's payment modification request was supposed to be addressed and why no action was taken or communicated to Ms. Nadeau. She knows why the October 5, 2021, meeting agenda did not

list the property matter, why the Board entered executive session to discuss it, what was said during that executive session, and why the Board immediately voted to sell to an "interested party" rather than seeking competitive bids. She has knowledge of how Fred Goodwin came to be the buyer, and why the Board accepted such a low price for the property. She has knowledge of the property's assessed value history and whether it was reasonable to accept $6,240 for a property the Town valued at the time $40,000 for tax purposes. She knows why the assessed value increased after Mr. Goodwin bought the property.

**Tony Hamlin**, Selectman, c/o Town Office, 6 Pleasant Street, Milo, ME 04463.

Mr. Hamlin has knowledge of the Board's standard practices and legal duties regarding municipal property sales. As the selectman who made both the motion to enter executive session and the motion to sell the property, he has particular knowledge of his reasoning for these actions. He knows what information the Board had about the property's value, what was discussed in executive session that could not be discussed publicly, why the Board decided to sell immediately rather than seek competitive bids, and whether he knew or suspected the property was worth more than $6,240. He has knowledge of whether the Board discussed Ms. Nadeau's pending request for payment modification before voting to sell her property and whether the Board considered its obligation to maximize the sale price. He has knowledge of the property's assessed value history and whether it was reasonable to accept $6,240 for a property the Town valued at the time $40,000 for tax purposes. He knows of why the assessed value increased after Mr. Goodwin bought the property.

**Eric Foss, Selectman** Address: c/o Town Office, 6 Pleasant Street, Milo, ME 04463.

Mr. Foss has knowledge of the Board's policies and practices for property sales, including whether the October 5, 2021, process followed normal procedures. He knows what was discussed in executive session, why the discussion was held in executive session rather than public session, whether he was aware of the property's actual value, and why he voted to accept $6,240 for a property assessed at $40,000. He has knowledge of whether the Board discussed attempting to obtain a higher price or providing notice to other potential buyers. He has knowledge of the property's assessed value history and whether it was reasonable to accept $6,240 for a property the Town valued at the time $40,000 for tax purposes. He knows why the assessed value increased after Mr. Goodwin bought the property.

**Tony Heal, Selectman** c/o Town Office, 6 Pleasant Street, Milo, ME 04463.

Mr. Heal has knowledge of the Board's standard procedures for selling town property and whether those procedures were followed. Although absent from the September 7, 2021, meeting, he has knowledge of whether he was informed about Ms. Nadeau's pending payment modification request before the October 5, 2021, vote. As the member who seconded the motion to sell, he knows why he supported the immediate sale without competitive bidding, whether he questioned the low sale price, and what he understood about the property's actual value. He has knowledge of the property's assessed value history and whether it was reasonable to accept $6,240 for a property the Town valued at the time

6

for $40,000 for tax purposes. He knows why the assessed value increased after Mr. Goodwin bought the property.

**Sue Libby, Selectman** Address: c/o Town Office, 6 Pleasant Street, Milo, ME 04463

Ms. Libby has knowledge of the Board's obligations regarding tax-acquired property, standard procedures for property sales, and whether those procedures were followed. She knows what information was presented about the property's value, what was discussed in executive session, why the matter was not on the public agenda, and why she voted to accept such a low price without seeking other bids. She has knowledge of whether the Board considered its duty to taxpayers to maximize the recovery on tax-acquired property. She has knowledge of the property's assessed value history and whether it was reasonable to accept $6,240 for a property the Town valued at the time for $40,000 for tax purposes. She knows why the assessed value increased after Mr. Goodwin bought the property.

**Robert Canney, Town Manager.** Address: Town Office, 6 Pleasant Street, Milo, ME 04463.

Mr. Canney, as Town Manager, has comprehensive knowledge of all Town policies and procedures regarding tax-acquired property, including any written policies, past practices, and legal requirements. He knows whether the Town has ever sold tax-acquired property without public notice or competitive bidding, whether the Town typically tries to obtain fair market value, and why different procedures were used here. He knows how Fred Goodwin was identified as a buyer, whether the sale was negotiated before the October 5th meeting, and why the property was sold for such a low price. He has knowledge of the assessment process and why the property's assessed value increased from $40,000 to $75,000 after the sale. He knows the history of assessed value for the property.

**Susie Glidden, Treasurer**, Town Office, 6 Pleasant Street, Milo, ME 04463.

Ms. Glidden has knowledge of the Town's financial procedures for handling tax-acquired property sales, including how proceeds are typically recorded and whether any portion is returned to former owners. She knows the actual amounts involved in the transaction, how the $6,240 was applied, and whether there were any discussions about the property being worth more than the sale price. She has knowledge of past practices for similar sales and whether this transaction was handled differently.

**Representative(s) of RCS Assessment Services Inc.** (Address: 6 Pleasant Street, Milo, ME 04463 and any other company or party providing assessment services for the Town of Milo from 2020 to the present.

The assessment company representatives have comprehensive knowledge of how property values are determined, the reasons the property assessments changed from 2014 to 2024, why the assessment increased to $75,000, and whether the $6,240 sale price was consistent with their understanding of the property's value. They know the general market conditions in

Milo, comparable property values, and whether a 4-acre property with a residence could reasonably sell for only $6,240.

**Fred Goodwin** Address: Etna, Maine

Mr. Goodwin has knowledge of how he learned the property was available when it was never publicly advertised, what communications he had with Town officials before October 5, 2021, whether he was promised the property before the Board vote, why he believed he could purchase it for only $6,240, whether he knew the property's actual value, and whether he was told he was the only potential buyer. He knows whether any Town official suggested the $6,240 price and whether he would have paid more if required.

**Peter Hamlin** Address: c/o Town Office

Mr. Hamlin has historical knowledge of how the Board typically handled tax-acquired properties during his tenure, whether competitive bidding was standard practice, whether the Board sought fair market value in previous sales, and how the October 2021 process compared to past practices. His knowledge provides context for whether the Board's actions were consistent with established procedures.

17. State the name and addresses of all witnesses you intend to call at time of trial and give a brief summary of their testimony.

    **OBJECTION:** Plaintiff objects to this interrogatory as premature and as seeking information protected by the work product doctrine. The selection and sequence of witnesses to be called at trial constitutes attorney work product and trial strategy. Notwithstanding the objection:

    **ANSWER:** Please see responses to Interrogatories 16 and 18 for parties who may be called to testify, in addition to myself.

18. Identify each expert witness you will call by stating the name, address, employment position, and a summary of the expert's qualifications; state the subject matter on which the expert witness is expected to testify, the substance of all facts and opinions to which the expert witness is expected to testify, and a summary of the grounds of each opinion the expert witness will give.

    **ANSWER:** Andrew Lowe will testify consistent with his appraisal provided in Plaintiff's document production.

19. Have you ever been convicted of a crime, punishable by death or imprisonment of one year or more, involving dishonesty or false statement, regardless of punishment? If so, please state the date, place and time of conviction(s), the crime for which you were convicted, and the sentence (including any probationary sentence).

8

**ANSWER:** In 2010, my mother was convicted of child abuse, and I filed a Protection from Abuse against her during that time. I have not been convicted of any crimes.

20. Have you ever been involved in any other legal action, either as a plaintiff or as a defendant? If so, state the case number of such actions and the names of the attorney(s) representing each party, state the date and place each such action was filed, give the name of the court, the name of the other party or parties involved, a description of the nature of each such action, and the result of each such action, whether there was an appeal and the result of each such appeal.

    **ANSWER:** My mother was involved in various lawsuits: Child Support, Parental Rights and Responsibilities, property discrepancies, and there was a Stalking charge. She lost her license because of speeding fines at one point. In 2010, I filed a Protection from Abuse against her. I have not been involved in other lawsuits.

21. Identify any and all persons who assisted you in answering these interrogatories.

    **ANSWER:** My lawyer and staff at the lawyer's office.

As to Answers:

I, Mallory Bigelow, declare under penalty of perjury under the laws of the State of Maine, that the foregoing answers to interrogatories are true and correct to the best of my knowledge, information, and belief.

Dated: May 27, 2025

/s/ Mallory Bigelow
Mallory Bigelow

As to Objections:

Dated: May 27, 2025

/s/John Z. Steed
John Z. Steed, Esq. Bar No. 5399
Island Justice
P.O. Box 771/43 School Street
Stonington, ME 04681
(207) 200-7077
john@islandjusticelaw.com

9