## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **MALLORY BIGELOW**, as Personal Representative of the **ESTATE OF CAROLYN NADEAU**, <br><br> Plaintiff, <br> v. <br><br> **TOWN OF MILO**, <br><br> Defendant. | Civil Action No. 1:23-cv-00408-SDN |

### DEFENDANT'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT

Defendant, Town of Milo (the "Town"), by and through the undersigned counsel, moves for leave to exceed the page limit for its objection to Plaintiff's Motion to Amend Scheduling Order by 5 pages, as follows:

1. On May 27, 2025, Plaintiff filed a 10-page Motion to Amend Scheduling Order, supported by a 3-page Declaration of Plaintiff Mallory Bigelow and 10 additional pages of what purport to be medical records. (ECF 73, 73-1.)

2. On June 17, 2025, the Town filed a 15-page objection to Plaintiff's motion, inadvertently exceeding the 10-page limit for nondispositive motions and oppositions set by Local Rule 7(d) without first seeking leave to do so. (ECF 78.)

3. The Town respectfully requests that the Court retrospectively grant the Town leave to exceed the page limit by 5 pages and accept the Town's objection as filed.

4. Approximately one third of the Town's filing summarizes the procedural history of this case, which is highly relevant to Plaintiff's motion and only selectively addressed by Plaintiff.

5. The page limit set by Local Rule 7(d) is insufficient to allow the Town to address that history, the assertions made in Plaintiff's motion and additional materials, and apply the

relevant legal standard, which requires consideration of a "constellation of factors." *Tubens v. Doe*, 976 F.3d 101, 105 (1st Cir. 2020).

6. Plaintiff has not moved to strike the Town's filing, but suggests in its reply that it would be "within the Court's sound discretion to strike all of, or the last five pages of" the Town's objection. (ECF 79 at 1-2.)

7. It is not apparent to the Town what prejudice Plaintiff would suffer as a result of the Town being granted leave to submit 5 additional pages to which Plaintiff has already filed a 7-page reply.

8. Courts in this Circuit have regularly granted belated motions to exceed page limits. *See, e.g.*, *Ceballos-Germosén v. Sociedad para la Asistencia Legal*, No. 3:16-cv-02944-JAW, 2022 U.S. Dist. LEXIS 196953, at *5 n.1 (D.P.R. Oct. 28, 2022) (dismissing motion to strike as moot where Court had already granted belated motion to exceed local 15-page page limit on motions); *Wescott v. Me. Dep't of Corr.*, No. 1:21-cv-00072-LEW, 2022 U.S. Dist. LEXIS 163569, at *9 n.1 (D. Me. Sep. 12, 2022) (granting retroactive motion to exceed Local Rule 7(d)'s 10-page limit); *Amoah v. McKinney*, No. 4:14-40181-TSH, 2016 U.S. Dist. LEXIS 191864, at *3 (D. Mass. Sep. 2, 2016) (noting court granted motion to exceed page limits filed 3 weeks after relevant filing).

WHEREFORE, the Town respectfully requests that this Honorable Court grant the Town leave to exceed the page limit for its objection to Plaintiff's Motion to Amend Scheduling Order by 5 pages and accept the Town's objection as filed.

Dated: July 7, 2025

*/s/ Jonathan P. Hunter, Esq.*
Jonathan P. Hunter, Bar No. 4912
jhunter@rudmanwinchell.com

          */s/ Stephen W. Wagner, Esq.*
          Stephen W. Wagner, Bar No. 5621
          swagner@rudmanwinchell.com

          Attorneys for Defendant Town of Milo
          RUDMAN WINCHELL
          84 Harlow Street
          P.O. Box 1401
          Bangor, ME 04402
          207.947.4501

## **CERTIFICATE OF SERVICE**

     I certify that on this 7th day of July 2025, I electronically filed the foregoing motion with the Court's CM/ECF system, which automatically sends notification to all counsel of record.

Dated: July 7, 2025

          */s/ Jonathan P. Hunter, Esq.*
          Jonathan P. Hunter, Bar No. 4912