UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MALLORY BIGELOW,<br>as Personal Representative of the<br>ESTATE OF CAROLYN NADEAU,<br><br>    Plaintiff<br><br>    v.<br><br>TOWN OF MILO,<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)   1:23-cv-00408-SDN<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION TO AMEND SCHEDULING ORDER**

Plaintiff alleges that Defendant acquired and sold the real property of Carolyn Nadeau in violation of the United States and Maine constitutions. (*See* First Amended Complaint, ECF No. 5.) Plaintiff moves to amend the scheduling order. (Motion, ECF No. 73.) Defendant opposes the motion. (Response to motion, ECF No. 78.)

Following a review of the record and consideration of the parties' arguments, the Court grants in part Plaintiff's motion.

**PROCEDURAL BACKGROUND**

Carolyn Nadeau initiated this action on October 30, 2023. The Court issued a scheduling order on January 4, 2024. (Scheduling Order, ECF No. 8.) On March 21, 2024, Ms. Nadeau filed a consent motion to amend the scheduling order to allow her expert additional time to complete an appraisal, which motion the Court granted. (Motion, ECF No. 14; Order, ECF No. 15.) On April 26, 2024, Ms. Nadeau filed another consent motion to amend the scheduling order to request additional time for her expert to complete the

appraisal and for Defendant to complete its responses to Ms. Nadeau's discovery requests. (Motion, ECF No. 17.) The Court granted the motion. (Order, ECF No. 18.) On May 31, 2024, Ms. Nadeau filed another motion to amend the scheduling order to allow her to obtain a second appraisal report. (ECF No. 19.) Defendant opposed the motion. The Court granted Ms. Nadeau's motion, extending her deadline to designate experts to July 30, 2024. (Order, ECF No. 24.)

On July 12, 2024, Ms. Nadeau's attorneys moved to withdraw as counsel. (Motion to Withdraw, ECF No. 25.) The Court granted the motion and permitted Ms. Nadeau time to secure new counsel. (Order, ECF No. 32.) The Court also extended the deadline for Plaintiff to designate expert witnesses to October 11, 2024. On November 20, 2024, Defendant filed a motion to amend the scheduling order to provide it additional time to designate its expert witnesses. (Motion, ECF No. 35.) The Court granted the motion. (Order, ECF No. 36.)

On February 11, 2025, Defendant requested a discovery dispute hearing because Ms. Nadeau had failed to respond to its interrogatories, requests for production of documents, and requests for admissions. Following the February 19, 2025, hearing, the Court ordered Defendant to resend Ms. Nadeau the discovery requests and for Ms. Nadeau to respond to the requests by March 28, 2025. (Order, ECF No. 57.)

Ms. Nadeau passed away on March 21, 2025. On April 17, 2025, Mallory Bigelow, as Personal Representative of Ms. Nadeau's estate, moved to replace Ms. Nadeau as the plaintiff. (Motion to Substitute, ECF No. 64.) The Court granted the motion. (Order, ECF No. 66.)

Citing Federal Rule of Civil Procedure 6(b)(1)(B), which provides that a court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect," Plaintiff asks the Court to extend the time for Plaintiff to designate expert witnesses and to conduct discovery. More specifically, Plaintiff asks the Court to permit her to take the depositions of three officials of Defendant and to designate formally an expert who has been disclosed.

## DISCUSSION

To determine whether a party has met the "excusable neglect" standard, courts consider several factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Tubens v. Doe*, 976 F.3d 101, 105 (1st Cir. 2020) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The four factors

> do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the injury . . . [A]t the end of the day, the focus must be upon the nature of the neglect.

*Hospital del Maestro v. N.L.R.B.*, 263 F.3d 173, 175 (1st Cir. 2001) (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)).

### A.   Reason for Delay

Plaintiff contends the delay results from (1) Ms. Nadeau's serious mental health issues, (2) Ms. Nadeau's pro se status after the withdrawal of her counsel, and (3) Ms. Nadeau's death in March 2025.

Defendant argues that Plaintiff has not provided competent evidence of Ms. Nadeau's mental health issues to justify the delay. Plaintiff, who is Ms. Nadeau's daughter, asserts by declaration that "based on her observations of [her] mother, [her] mother was not capable of functioning or taking care of herself" and that she "did not understand that the town had foreclosed on the property or that it had been sold to someone else." (Declaration ¶¶ 5, 8, ECF No. 73-1.) Plaintiff also filed copies of some of her mother's medical records. (*See* ECF No. 73-1.) The medical records state in part that Ms. Nadeau "has difficulty answering questions including yes or no questions. She becomes easily distracted and struggles to stay on topic. She needs a lot of guidance to encourage her to recall events in an organized or sequential order." (*Id.* at 6.)

Although Defendant raises some valid concerns about the limited nature of the medical records and whether Plaintiff has the requisite expertise to assess Ms. Nadeau's condition, the Court's assessment of the reason for the delay is not governed by a specific diagnosis. From the Court's perspective, a preliminary issue is whether the delay is the result of Ms. Nadeau's deliberate disregard for court deadlines and the court process or whether the delay is the product of Ms. Nadeau's lack of appreciation for the process and the significance of the deadlines. The record lacks any evidence to suggest that Ms. Nadeau, knowing that the failure to comply with the court deadlines could potentially compromise her ability to prosecute her claim, deliberately ignored the deadlines. A review of the record, including consideration of former counsel's representations to the Court and Ms. Nadeau's statements during the hearing on counsel's motion to withdraw, reveals that Ms. Nadeau's comprehension of the proceedings was limited. Even though

the record did not support the appointment of a guardian over Ms. Nadeau's objection, the concerns raised by Ms. Nadeau's former counsel were legitimate. Plaintiff's fundamental argument—that perhaps for multiple reasons, Ms. Nadeau had difficulty understanding the proceedings and her obligations under the Scheduling Order—is not unreasonable. Under the specific circumstances of this case, Plaintiff has presented a reasonable explanation for the delay.

**B.     Prejudice to Defendant**

Defendant argues it has been prejudiced by the delay because Ms. Nadeau did not respond to Defendant's discovery requests and that any further delay will result in additional financial costs to Defendant.

While Defendant's frustration with the delay in the resolution of this matter is understandable, "delay in and of itself does not constitute prejudice." *KPS Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 15 (1st Cir. 2003). Prejudice exists if there is "loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion." *Fed. Deposit Ins. Corp. v. Francisco Inv. Corp.*, 873 F.2d 474, 479 (1st Cir. 1989).

Defendant cites the loss of at least one witness—Ms. Nadeau—as evidence of prejudice resulting from the delay. Defendant specifically cites Plaintiff's inability to provide substantive responses to Defendant's discovery requests as evidence of the prejudice caused by Ms. Nadeau's failure to prosecute her case. Defendant contends that granting Plaintiff's request for relief would "shift the consequences of Ms. Nadeau's actions (or inactions) from her estate to [Defendant]." (Response at 12, ECF No. 78.)

Defendant's argument is unconvincing. If Plaintiff cannot provide substantive responses to Defendant's discovery requests, Plaintiff will be likely be limited in her ability to present substantive evidence in support of her claim. Ms. Nadeau's unavailability would appear to prejudice Plaintiff rather than Defendant.

As noted above, the Court understands Defendant's concerns regarding the cost, both financial and time, of any further delay in the resolution of the matter. Although any delay in the conclusion of the matter is less than ideal, a short time to conduct limited discovery would not prejudice Defendant's ability to defend against the claim. In sum, any prejudice to Defendant is insufficient to compel the denial of Plaintiff's request.

### C.     Length of Delay

As Defendant notes, the length of the delay is significant. If the length of the delay were the sole issue, the Court would be inclined to deny Plaintiff's request.

### D.     Good Faith

Defendant contends there is no evidence to find that Ms. Nadeau acted in good faith. As explained above, following a review of the record, the Court is persuaded that the delay is principally the product of Ms. Nadeau's lack of comprehension of the process rather than a deliberate decision to ignore procedural rules and court orders. On this record, the Court cannot find that Plaintiff acted in bad faith.

### CONCLUSION

Whether neglect is excusable is an equitable determination and courts should consider "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Under the circumstances of this case, given the reason for the

delay and the lack of prejudice to Defendant, the Court finds that Plaintiff has established excusable neglect for Plaintiff's failure to meet the Scheduling Order deadlines. The Court, however, is mindful of the significant delay that has occurred at least in part due to Ms. Nadeau's failure to participate in discovery and otherwise comply with the Scheduling Order deadlines. The Court, therefore, will permit only limited additional discovery.

The Court grants in part Plaintiff's motion to amend the scheduling order. The Court orders:

1. Plaintiff may conduct Defendant's deposition in accordance with Federal Rule of Civil Procedure 30(b)(6) and may designate the expert whom Plaintiff represents has already been disclosed. Plaintiff shall designate the expert on or before August 1, 2025. Plaintiff shall complete Defendant's deposition on or before August 22, 2025.

2. Defendant may conduct the deposition of the expert and/or designate an expert or supplement its expert witness designation in response to Plaintiff's designation. Defendant shall designate its expert witness or supplement its expert witness designation and complete the deposition of Plaintiff's expert witness on or before September 15, 2025.

3. The deadline to file a notice of intent to file a motion for summary judgment is extended to September 22, 2025; the deadline to file dispositive motions and *Daubert* and *Kumho* motions is extended to October 6, 2025; the case shall be ready for trial by November 5, 2025.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

                                                            /s/ John C. Nivison
                                                            U.S. Magistrate Judge

Dated this 22nd day of July, 2025.